NORWICH PHARMACAL Co., peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, y JOSÉ RYAN TORRES, demandados.

No. 720.—*Sometido:* Junio 16, 1930. *Resuelto:* Julio 18, 1930.

*Besosa & Besosa,* abogados de la peticionaria; *Rafael Muñoz Ramos,* abogado del demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En la Corte Municipal de San Juan, P. R., se siguió un pleito, por la Norwich Pharmacal Co. como demandante

contra José Ryan, demandado, en cobro de dinero. Dictada sentencia, se expidió por el secretario una notificación cuyo texto es como sigue:

"A Lcdo. Rafael Muñoz Ramos, abogado del demandado, San Juan.

"El Secretario que suscribe notifica a usted que la Hon. Corte de este distrito ha dictado sentencia en este caso con fecha 1 de abril de 1930, que fué debidamente registrada en el libro correspondiente, según consta en el récord de este asunto, donde podrá usted enterarse detalladamente de los términos de dicha sentencia.

"Y siendo o representando usted la parte perjudicada en la sentencia, por la cual puede establecerse recurso de apelación, dirijo a usted esta notificación escrita, archivando una copia de la misma.

"San Juan. P. R., a 12 de abril de 1930.

"Archivada hoy 12 de abril de 1930.

(Fdo.) Regina Escudero,
*Secretaria de la Corte Municipal.*

"Enviado el original de esta notificación el día 15 de abril, 1930, por no encontrarse el Lcdo. Muñoz en su oficina el día que le fué enviada por conducto del mensajero de esta Corte.

"San Juan, 15 de abril, 1930.

(Fdo.) Regina Escudero,
Sec.''

La parte vencida apeló, radicando su apelación el 25 de abril de 1930. Y ya ante la Corte de Distrito de San Juan, la demandante radicó una moción de desestimación de la apelación, basada en que ella fué interpuesta después de los 10 días de archivarse la copia de la notificación de la sentencia, lo que está en desacuerdo con la ley; discutida la moción, la corte de distrito la declaró sin lugar. Y contra esta resolución se ha acudido a nosotros en procedimiento de *certiorari.*

El extremo esencial en este caso es decidir desde cuándo corre el término para apelar.

 José Ryan, que interviene en el procedimiento ha pedido que se anule el auto, porque: (*a*) no presta el jura-

mento la parte realmente interesada; (*b*) presta el juramento el abogado, sin explicar el porqué de su acto; (*c*) el abogado jura constarle los hechos de la petición, en parte por propio conocimiento, y en parte por información y creencia, sin expresar cuáles por una causa y cuáles por la otra. Y oponiéndose a lo solicitado, en el fondo, sostiene: que con arreglo a la Ley No. 2 de 1929, la apelación se formalizará dentro de los diez días siguientes al en que se hubiere notificado la sentencia a la parte contra la cual se hubiera dictado o a su abogado, y que será deber del secretario de la corte enviar a la parte perjudicada o a su abogado, al dictarse sentencia la notificación escrita informándole que tal sentencia se dictó, y una copia de la notificación debe archivarse, empezándose a contar el término para apelar desde la fecha del archivo.

Al resolver la corte de distrito, dijo lo que sigue:

"En el presente caso el Secretario de la Corte Municipal archivó en los autos la notificación en 12 de abril de 1930, pero sin haber enviado copia por correo ni en ninguna otra forma, y luego, en 15 de abril de 1930, puso una constancia en la notificación expresando que en dicha fecha la había enviado al abogado del demandado, por conducto de mensajero. La notificación personal fué posterior al archivo, y siendo así, el precepto de la ley no quedó cumplido cuando se archivó en los autos la notificación que aún no se había hecho."

La resolución de la corte de distrito es correcta.

La Ley No. 2 de 1929, en su artículo 1 dice:

"La sección 1 de la ley para reglamentar las apelaciones contra sentencia de las cortes municipales en pleitos civiles, aprobada en marzo 11 de 1908 queda por la presente enmendada, de modo que se lea como sigue:

" 'Sección 1.—Cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente, cualquiera de las partes que se creyere perjudicada, podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal. Se formalizará la apelación notificándola por escrito al secretario de la corte municipal, dentro de los diez días siguientes al en que se hubiere notificado la sentencia

a la parte contra la cual se hubiere dictado, o a su abogado, y entregando igual notificación dentro del mismo término a la parte contraria, o a su abogado; *Disponiéndose,* que en todos los casos en que se pueda establecer el recurso de apelación según lo previsto en esta sección será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse sentencia o resolución apelable, una notificación escrita informándole a dicha parte perjudicada que tal sentencia o resolución ha sido dictada; y una copia de la dicha notificación será archivada con los autos, debiendo empezar a contarse el término para establecer el recurso de apelación, desde la fecha del archivo de dicha notificación.' ''

El envío de la notificación a la parte o a su abogado es lógicamente previo o simultáneo al archivo de la misma. En este caso aparece de los autos que la notificación fué enviada el 15 de abril de 1930, según nota puesta por la misma secretaria Regina Escudero en esa fecha y no con la fecha de 12 de abril en que aparece el archivo. No hay duda alguna de que la nota de archivo ha debido ponerse después de aquélla en que consta que se envió la notificación o el mismo día 15 de abril de 1930, y desde esa fecha es que debe entenderse que quedó debidamente archivada.

*Debe declararse sin lugar la petición y anularse el auto expedido.*